UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GRAND SHEIKESS WALTON-EL for MELODY WILSON | CIVIL ACTION NO. 12-cv-1219 |
| VERSUS | JUDGE FOOTE |
| JUDGE CRAIG MARCOTTE, ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

Grand Sheikess Walton-El for Melody Wilson ("Plaintiff") commenced this civil action against Judge Craig Marcotte, the Caddo Parish Sheriff's Office, and District Attorney Charles R. Scott. She did so by filing a form Application for Federal Writ of Habeas Corpus Under 28 U.S.C. § 2241. She complains that she was kidnaped from her home, charged with third offense possession of marijuana, and appeared in state court before Judge Marcotte. Plaintiff alleges that she refused to plead guilty, and no trial has yet been held.

Plaintiff complains that she is being deprived of her rights as a Moorish American National. She contends that she is a Native American with diplomatic immunities, and she cites a plethora of alleged documents recorded with various state and federal agencies, ranging from the Emancipation Proclamation to documents on file with the Cook County Recorder of Deeds. She contends that she "is trust corpus of the Moorish Science Temple of America and has fee simple absolute claim in this matter." She adds that she "has proclaimed her Nationality and has taken the Oath of Amnesty and Reconstruction."

Plaintiff insists that a state policeman and sheriff's deputy who arrested her on a bench warrant did so without proper proof of jurisdiction.

Plaintiff does not make clear exactly what relief she seeks, but her petition suggests that she wants the federal court to stop her state court prosecution. A person cannot use Section 2241 in federal court to collaterally attack her pretrial detention by the state until she has exhausted available state remedies. This policy protects the ability of the state courts to first confront and resolve any constitutional issues, and it limits federal interference in state criminal cases. Dickerson v. Louisiana, 816 F.2d 220, 223-24 (5th Cir. 1987); Broussard v. Robinson, 2012 WL 652516, *8 (W.D. La. 2012). Exhaustion in this context means that the litigant must fairly present her constitutional claims to the highest state court in a procedurally correct manner before she can raise the claims in federal court. Broussard, supra. There is no indication in the record that Plaintiff has made any of her arguments beyond the trial court level of the state court system. Plaintiff has thus failed to properly exhaust her state court remedies before filing her petition.

To the extent Plaintiff requests the court to enjoin the state court criminal prosecution, her request should also be denied based on the abstention doctrine of Younger v. Harris, 91 S.Ct. 746 (1971). It provides that federal courts must refrain from considering requests for injunctive relief based on constitutional challenges to state court criminal proceedings pending at the time the federal action is instituted. See Texas Association of Business v. Earle, 388 F.3d 515, 518-19 (5th Cir. 2004).

Finally, the "Moorish National" arguments that underlie the petition are meritless. Persons charged with crimes or who find themselves in civil legal difficulties sometimes contend that they have special status stemming from their association with a "Moorish" group that somehow exempts them from prosecution for crimes or liability for debts. One court recently described this as a "uniformly discredited and utterly baseless notion." Hall-El v. Craven, 2012 WL1067627, *7 (M.D. NC 2012). Such persons sometimes claim to belong to the Washitaw Empire. All such arguments, whether Moorish or Washitaw based, have been routinely dismissed as frivolous, fictional, baseless, and even delusional. El-Bey v. City of Charlotte, 2011 WL 4757653, *5-6 (W.D. NC 2011) (collecting cases).

Plaintiff did not exhaust her state court remedies before pursuing her Section 2241 argument. There are also sound grounds for the exercise of Younger abstention in a case of this kind. Finally, the underlying basis for relief is legally meritless.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Application for Habeas Corpus Relief Under 28 U.S.C. § 2241, as well as all other requests for relief set forth in the application, be dismissed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of May, 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE